UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

IN RE: )
)
PENNHILL FARMS, INC., ) Case No. 14-22139-HRT
EIN: 84-1450231 ) Chapter 11
)
Debtor. )

### MOTION TO SELL EQUIPMENT TO LANDSCAPE WORKSHOP INC.

The Debtor, Pennhill Farms, Inc., by and through its attorneys, Kutner Brinen Garber, P.C., hereby files its Motion to Sell Equipment to Landscape Workshop Inc., and as grounds therefor respectfully states as follows:

1. The Debtor filed for relief under Chapter 11 of the Bankruptcy Code on September 3, 2014. The Debtor remains a Debtor-in-Possession. An Official Unsecured Creditors Committee has been formed in this case.

2. The Debtor is a wholesale tree nursery with a tree-growing farm in Pennsylvania. The Debtor grows trees in Pennsylvania and then ships the trees to the PennHill Farms nursery in Parker, Colorado. PennHill Farms nursery sells a wide variety of trees such as evergreen trees, ornamental trees, and shade trees. The Debtor has successfully operated for over 15 years, and is now liquidating its assets.

3. Subject to Bankruptcy Court approval, the Debtor has sold two (2) sets of hydraulic forks that are designed for use on skid steer loaders (together "Equipment") to Landscape Workshop Inc. ("Landscape"). The Equipment constitutes only the forks and no skid steer. The Equipment was heavily used by the Debtor and one set of forks is in need of repair.

4. Landscape's offices are located at: 0485 County Road 112 02-92, Carbondale, CO 81623-9607. Landscape is a private purchaser with no pre- or post-petition claim against the Debtor. Jim Pitts is the owner of Landscape and also a conservator of Robert Pohlod, the owner of the Debtor.

5. Landscape has paid the Debtor $500 per set for a total purchase price of $1,000 for the Equipment. Landscape Workshop issued check #33563 in the amount of $1,000 on October 10, 2014, and the Debtor is holding these funds pending approval. The Debtor believes this price is reasonable and represents fair market value. The Debtor researched sales of similar equipment and

believes that the Equipment would generate a gross sale price of $200-$800 per set at auction for fully operable forks, and the Debtor had previously received an offer of $250 per set from another third party. The sale of the Equipment to Landscape has eliminated the cost of transportation and the corresponding commission that would have to be paid to the auctioneer.

6. The Debtor believes that Citiwide Bank holds a first position lien on this Equipment.

## RELIEF REQUESTED

7. The Debtor is seeking Court authorization under 11 U.S.C. § 363 to sell the Equipment free and clear of all liens, claims and encumbrances.

8. The Debtor believes that it is in the best interests of the Debtor, its estate and its creditors for this Court to authorize the sale of the Equipment.

9. Section 363(b) of the Bankruptcy Code provides authority for a trustee and, through the application of Bankruptcy Code section 1107(a), a debtor-in-possession, "after notice and a hearing, [to] use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). The authority to sell assets conferred upon a debtor by section 363(b) "include[s] a sale of substantially all the assets of an estate." *Otto Preminger Films, Ltd, v. Qintex Entertainment, Inc. (In re Qintex Entertainment, Inc.)*, 950 F.2d 1492, 1495 (9th Cir. 1991). Further, section 105(a) of the Bankruptcy Code allows the Court to "issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

10. The Bankruptcy Court's power to authorize a sale under section 363(b) is to be exercised at the Court's discretion. *In re WPRV-TV, Inc.*, 983 F.2d 336, 340 (1st Cir. 1993); *New Haven Radio, Inc. v. Meister (In re Martin-Trigona)*, 760 F.2d 1334, 1346 (2d Cir. 1985); *Committee of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1069 (2d Cir. 1983).

11. "In order to approve a sale of substantially all the Debtor's assets outside the ordinary course of business, the following elements must be met. The Debtor must show (1) that a sound business reason exists for the sale; (2) there has been adequate and reasonable notice to interested parties, including full disclosure of the sale terms and the Debtor's relationship with the buyer; (3) that the sale price is fair and reasonable; and (4) that the proposed buyer is proceeding in good faith." *In re Med. Software Solutions*, 286 B.R. 431, 439-40 (Bankr. D. Utah 2002).

12. The sale of the Equipment to Landscape will enable the Debtor to maximize its recovery on the sale of the Equipment by allowing the Debtor to avoid the unnecessary cost of transportation and commission at an auction, and by netting a sale price greater than what is anticipated at auction. As a result, a sound business reason exists for the sale.

13. Adequate and reasonable notice is being provided. This motion is being filed and sent out on notice to creditors, the creditors committee, and parties in interest with an opportunity to object.

14. As provided above, the Debtor believes the sale is fair and at a reasonable sale price. The Debtor believes the net proceeds from any sale through the auction or other process would be less than the $1,000 it is being paid from Landscape.

15. Landscape is proceeding in good faith. While the Bankruptcy Code does not define "good faith," courts have held that for purposes of section 363(m), a "good faith purchaser" is one who buys "in good faith" and "for value" and that lack of good faith is shown by fraud, collusion, or an attempt to take grossly unfair advantage of other bidders. *In re Abbots Diaries of PA.*, 788 F.2d 143, 147 (3d Cir. Pa. 1986); *In re Tempo Technology Corp.*, 202 B.R. 363, 367 (D. Del. 1996). The Debtor believes that the proposed sale to Landscape will generate the same or more proceeds compared with a sale through the auction process or any other third-party purchaser, and the sale is in good faith.

16. The Debtor also requests authorization to sell the Equipment free and clear of liens, claims and encumbrances and other interests. Section 363(f) of the Bankruptcy Code authorizes a debtor-in-possession to sell property under section 363(b) "free and clear of any interest in such property of an entity other than the estate" if one of the following conditions is satisfied:

> (a) applicable nonbankruptcy law permits the sale of such property free and clear of such interest;
> 
> (b) such entity consents;
> 
> (c) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
> 
> (d) such interest is bona fide dispute; or
> 
> (e) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f).

17. Applicable nonbankruptcy law permits the sale of the Equipment free and clear of all interests because the Debtor believes Citiwide consetnts to the sale, thus satisfying Bankruptcy Code § 363(f).

### RULE 2002 NOTICE

18. The Debtor has served a copy of this Motion and Notice upon: (a) all parties entering their appearance in this case or their counsel, (b) the United States Trustee, (c) all secured creditors or their counsel, and (d) counsel for the creditors committee. The Debtor has served the Notice upon all other creditors and parties in interest.

### CONCLUSION

WHEREFORE, the Debtor respectfully requests that the Court enter an Order, a proposed form is filed herewith, authorizing the sale of the two (2) sets of skid steer forks free and clear of all liens claims and encumbrances, with such liens, claims, and encumbrances to attach to the proceeds of the sale in their order of priority as determined by applicable law, authorize payment to secured creditors with such proceeds after payment of all applicable sales taxes, and granting such further and additional relief as to the Court may appear proper.

DATED: March 9, 2015.

Respectfully submitted,

By: _____
Lee M. Kutner, #10966
Jenny M.F. Fujii, #30091
Keri L. Riley, #47605
KUTNER BRINEN GARBER, P.C.
1660 Lincoln Street, Suite 1850
Denver, CO 80264
Telephone: (303) 832-2400
Telecopy: (303) 832-1510
Email: jmf@kutnerlaw.com

## CERTIFICATE OF SERVICE

The undersigned certifies that on March 9, 2015, I served by prepaid first class mail a copy of the foregoing **MOTION TO SELL EQUIPMENT TO LANDSCAPE WORKSHOP, INC. AND NOTICE REGARDING DEBTOR'S MOTION TO SELL EQUIPMENT TO LANDSCAPE WORKSHOP, INC.** on all parties against whom relief is sought and those otherwise entitled to service pursuant to the FED. R. BANKR. P. and these L.B.R. at the following addresses:

Paul Moss, Esq.
United States Trustee's Office
Byron G. Rogers Federal Building
1961 Stout Street
Suite 12-200
Denver, CO 80294-1961

Landscape Workshop, Inc.
0485 County Road 112 02-92
Carbondale, CO 81623-9607

Duncan E. Barber, Esq.
Bieging Shapiro & Barber, LLP
4582 South Ulster Street Parkway
Suite 1650
Denver, CO 80237

World Business Lenders
120 West 45th Street
29th Floor
New York, NY 10036
ATTN: Donald Jackson

Charles M. Quisenberry, Esq.
6606 Castle Oaks Drive
Franktown, CO 80116

James B. Holden, Esq.
1300 Broadway
8th Floor
Denver, CO 80203

Charles M. Quisenberry, President
Custom Lumber, Inc.
c/o David W. Wadsworth, Esq.
1660 Lincoln Street, Suite 2200
Denver, CO 80264

Michael Coleman, Managing Member
Arrowhead Ornamentals, LLC
P.O. Box 157
Hubbard, OK 97032

Andrew Mill, Managing Member
Tanglewood Nurseries, LLC
6121 East Harmony Road
Fort Collins, CO 80528

David V. Wadsworth, Esq.
Sender Wasserman & Wadsworth, P.C.
1660 Lincoln Street, Suite 2200
Denver, CO 80264

Chad Caby, Esq.
1200 17th Street
Suite 3000
Denver, CO 80202-5855

Victor E. Loitz, Esq.
7390 Lowell Blvd.
Westminster, CO 80030-5084

_/s/ Vicky Martina_
Vicky Martina