UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE: ) | |
| ) | |
| PENNHILL FARMS, INC., ) | Case No. 14-22139-HRT |
| EIN: 84-1450231 ) | Chapter 11 |
| ) | |
| Debtor. ) | |

## COMBINED MOTION TO SELL 250 TREES AND ABANDON REMAINING COLORADO TREES

The Debtor, Pennhill Farms, Inc., by and through its attorneys, Kutner Brinen Garber, P.C., respectfully moves to Sell 250 trees to Valley Crest for $10,000, and Abandon its remaining Colorado Tree inventory, and respectfully states as follows:

1. The Debtor filed for relief under Chapter 11 of the Bankruptcy Code on September 3, 2014 ("Petition Date"). The Debtor remains a Debtor-in-Possession. An Official Unsecured Creditors Committee has been formed in this case.

2. The Debtor is a wholesale tree nursery with a tree-growing farm in Pennsylvania. The Debtor grows trees in Pennsylvania and then ships the trees to the PennHill Farms nursery in Parker, Colorado. PennHill Farms nursery sells a wide variety of trees such as evergreen trees, ornamental trees, and shade trees. The Debtor has successfully operated for over 15 years.

3. Citywide Bank ("Citywide") is the Debtor's primary secured lender and has been the Debtor's lender for over 13 years. The Debtor has two loans from Citywide. The first is in the amount of approximately $350,000 plus interest and the second in the amount of $162,000, plus interest. Both of the loans are not only secured by the assets of the Debtor, but the $350,000 loan is secured by a deed of trust encumbering the residence of the Debtor's owner, Robert Pohlod ("RP"). Citywide has a lien on all the trees located in Colorado.

4. The Debtor has sold the majority of its marketable trees since the Petition Date, though the ordinary course of business, and through bulk sale with approval from this Court. The Debtor has auctioned the majority of the nursery equipment and no longer has full time employees for operation of its Colorado wholesale nursery. The Debtor has been utilizing contract labor since Petition Date as required to support the liquidation of tree inventory. The Debtor has consulted with

several auction houses, and has determined that the remaining trees in Colorado, while they may hold some value, are burdensome to the estate.

5. The Debtor's current Colorado tree inventory is attached hereto as Exhibit A ("Colorado Tree Inventory"). The Colorado Tree Inventory consists of 1,452 trees which are stored at the Franktown nursery. These trees are a variety of shade and evergreen species. The trees were previously dug out of the ground in Pennsylvania, balled with burlap and wire baskets, then shipped to Colorado. This process is required to allow the trees to be shipped from various growing farms and then stored in mulch at the Franktown nursery for future sales. Some of the trees are estimated to have been stored for more than three years and as a result, the root system has begun to penetrate the burlap and wire baskets. Normal maintenance procedures in the Spring include watering, pruning, and root pruning of the trees throughout the year.

## RELIEF REQUESTED

### A. Sale of 250 Trees

6. The Debtor is seeking Court authorization under 11 U.S.C. § 363 to sell 250 trees located at its Colorado nursery ("Trees") free and clear of all liens, claims and encumbrances. Valley Crest Landscape ("VC") has agreed to purchase the Trees for $10,000. The Debtor is also seeking to abandon the remaining Colorado trees after the sale of the 250 Trees pursuant to 11 U.S.C. §554(a). The Debtor is filing a separate motion to reject the lease commercial lease for the premises on which the trees are currently located.

7. The Debtor believes that it is in the best interests of the Debtor, its estate and its creditors for this Court to authorize the sale of the Trees.

8. Section 363(b) of the Bankruptcy Code provides authority for a trustee and, through the application of Bankruptcy Code section 1107(a), a debtor-in-possession, "after notice and a hearing, [to] use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). The authority to sell assets conferred upon a debtor by section 363(b) "include[s] a sale of substantially all the assets of an estate." *Otto Preminger Films, Ltd, v. Qintex Entertainment, Inc. (In re Qintex Entertainment, Inc.)*, 950 F.2d 1492, 1495 (9th Cir. 1991). Further, section 105(a) of the Bankruptcy Code allows the Court to "issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

9. The Bankruptcy Court's power to authorize a sale under section 363(b) is to be exercised at the Court's discretion. *In re WPRV-TV, Inc.*, 983 F.2d 336, 340 (1st Cir. 1993); *New Haven Radio, Inc. v. Meister (In re Martin-Trigona)*, 760 F.2d 1334, 1346 (2d Cir. 1985); *Committee of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1069 (2d Cir. 1983).

10. "In order to approve a sale of substantially all the Debtor's assets outside the ordinary course of business, the following elements must be met. The Debtor must show (1) that a sound business reason exists for the sale; (2) there has been adequate and reasonable notice to interested parties, including full disclosure of the sale terms and the Debtor's relationship with the buyer; (3) that the sale price is fair and reasonable; and (4) that the proposed buyer is proceeding in good faith." *In re Med. Software Solutions*, 286 B.R. 431, 439-440 (Bankr. D. Utah 2002).

11. The sale of the Trees to VC will enable the Debtor to maximize its recovery on the sale of its Colorado inventory.

12. Adequate and reasonable notice is being provided. This motion is being filed and sent out on notice to creditors and parties in interest with an opportunity to object.

13. The Debtor believes the proposed sale is fair and at a reasonable sale price.

14. While the Bankruptcy Code does not define "good faith," courts have held that for purposes of section 363(m), a "good faith purchaser" is one who buys "in good faith" and "for value" and that lack of good faith is shown by fraud, collusion, or an attempt to take grossly unfair advantage of other bidders. *In re Abbots Diaries of PA.*, 788 F.2d 143, 147 (3d Cir. Pa. 1986); *In re Tempo Technology Corp.*, 202 B.R. 363, 367 (D. Del. 1996). The Debtor believes that the proposed sale to VC will generate the same or more proceeds compared with a sale through auction process or other sales over a longer period of time. Although the Debtor sells trees to VC, has a receivable due from VC, and VC stores trees on the Debtor's Colorado premises, the Debtor believes the proposed sale to VC is in good faith for a price that would match or exceed what the Debtor would obtain from any other third party purchaser at this point in time.

15. The Debtor also requests authorization to sell the <u>trees</u> free and clear of liens, claims and encumbrances and other interests. Section 363(f) of the Bankruptcy Code authorizes a debtor in possession to sell property under section 363(b) "free and clear of any interest in such property of an entity other than the estate" if one of the following conditions is satisfied:

    (a) applicable nonbankruptcy law permits the sale of such property free and

        clear of such interest;
        (b) such entity consents;
        (c) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
        (d) such interest is bona fide dispute; or
        (e) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f).

16. After discussion with counsel for Citywide, it is believed that Citywide would consent to the sale, thus satisfying Bankruptcy Code § 363(f). It is also anticipated that the Committee would consent to the proposed sale.

### B. Abandonment of Trees

17. Abandonment of the remaining 1,202 trees in Colorado is proper in this case. §554(a). As provided above, the remaining trees are burdensome and in consequential to the estate. The Colorado Tree Inventory consists of grade A, B, and C trees, with grade "A" being of the highest quality. Grade C trees are of the poorest quality, have been out of the ground for a longer period of time, and will typically generate the least amount of income, if any. The Debtor has performed a cost/benefit analysis and has determined that abandonment of the Colorado Tree Inventory is in the best interest of the estate and all creditors. If the Debtor attempts to sell the trees at auction this spring, it will likely lose approximately over $50,000 due to the following factors:

    a.    Many of the trees appear to have been stored for a long period of time, thus reducing marketability.
    b.    The trees are not organized in a manner to facilitate a large scale auction, and do not appear as Grade A quality.
    c.    A large scale auction will require a significant amount of labor to prepare the trees for removal from the property. The Debtor would have to hire a site supervisor, and multiple laborers to activate and monitor the irrigation system at the cost of approximately $11,800. Once the weather warms up, the Debtor will be required to activate and maintain the irrigation system, otherwise the trees will continue to deteriorate prior to the auction.
    d.    The Debtor has been advised from one of the auctioneers that visited the property that the Debtor would need five skid steers in order to timely process the material for the buyers at auction. The Debtor currently owns one skid steer in Colorado. Skid steers can be rented at the rate of $3,100 per unit, which totals approximately $12,400 for four skid steers.
    e.    The Debtor would be required to pay at least two more months of rent for April and May, plus utilities, at the total cost of approximately $10,700. Conversely, the Debtor is filing a motion to reject the lease for the real

        property where the trees are located, and the administrative costs for the lease are anticipated to end at the end of March 2015.

f.    Additional labor costs, including equipment operators and laborers to load trees, shrink wrap, remove trees from the heal in mulch, and other necessary services required to complete the auction process. The estimated cost for this additional labor is approximately $28,800 (9 laborers at $20/hour or $880/week for 4 weeks).

18.    As provided above, the total minimum cost to go to auction and maintain the trees through May 31, 2015 is estimated at $63,700. The Debtor currently has approximately 814 Grade A and B trees. After subtracting the 250 trees Valley Crest is willing to purchase, the remaining number of Grade A and B trees will be 564. A similar auction a year ago generated $18.52 per tree, which totals an estimated $10,445 in net proceeds. The difference is a loss of approximately $53,255. If the approximately 638 Grade C trees sell for any price, this would reduce the projected loss by the net amount received after auction costs. Conversely, if the trees are abandoned and the lease rejected as of March 31, 2015, then the Debtor will not be required to incur all the additional post-petition costs.

19.    The costs required for continued maintenance of the trees and lease of the Franktown Nursery is burdensome to the estate. As a result, the Debtor is seeking to abandon the Colorado Tree Inventory from the bankruptcy estate, less the 250 trees to be sold to Valley Crest, as such assets are of inconsequential value and benefit to the estate. The Debtor is requesting to abandon a total of approximately 1,202 trees.

20.    The Debtor believes the Unsecured Creditors Committee and Citywide do not oppose the abandonment.

## RULE 2002 NOTICE

21.    The Debtor has served a copy of this Motion and Notice upon: (a) all parties entering their appearance in this case or their counsel, (b) the United States Trustee, (c) counsel for the Official Unsecured Creditors Committee; and (d) all secured creditors or their counsel. The Debtor has served the Notice upon all other creditors and parties in interest.

22.    Debtor is simultaneously filing a motion to shorten the notice period.

## CONCLUSION

WHEREFORE, the Debtor respectfully requests that the Court enter an Order, a proposed form is filed herewith, authorizing the sale of the 250 trees free and clear of all liens claims and encumbrances, with such liens, claims, and encumbrances to attach to the proceeds of the sale in their order of priority as determined by applicable law, authorizing the Debtor to pay the proceeds to Citywide, deeming the remaining trees abandoned from the estate, and granting such further and additional relief as to the Court may appear proper.

DATED: March 24, 2015.                    Respectfully submitted,

                                          By: _____
                                          Lee M. Kutner, #10966
                                          Jenny M.F. Fujii, #30091
                                          Keri L. Riley, #47605
                                          KUTNER BRINEN GARBER, P.C.
                                          1660 Lincoln Street, Suite 1850
                                          Denver, CO 80264
                                          Telephone: (303) 832-2400
                                          Telecopy: (303) 832-1510
                                          Email: jmf@kutnerlaw.com

# Pennhill Farms, Inc. - Physical Inventory
# Franktown Nursery

| Block | Description | Quantity by Grade | | | |
|---|---|---|---|---|---|
| | | A | B | C | DEAD |
| B1 | Shade Tree Varieties | 41 | 18 | 48 | 11 |
| B2 | Shade Tree Varieties | 100 | 31 | 44 | 11 |
| B3 | Shade Tree Varieties | 42 | 11 | 10 | 1 |
| B4 | Shade Tree Varieties | 21 | 0 | 16 | 1 |
| C1 | Shade Tree Varieties | 40 | 22 | 23 | 3 |
| C10 | Evergreen Varieties | 22 | 29 | 16 | 3 |
| C11 | Evergreen Varieties | 0 | 2 | 3 | 1 |
| C2 | Shade Tree Varieties | 84 | 8 | 62 | 0 |
| C3 | Shade Tree Varieties | 42 | 16 | 73 | 0 |
| C4 | Shade Tree Varieties | 85 | 24 | 53 | 1 |
| C5 | Shade Tree Varieties | 59 | 8 | 26 | 9 |
| C6 | Shade Tree Varieties | 0 | 0 | 35 | 0 |
| | Evergreen Varieties | 30 | 35 | 115 | 2 |
| C7 | Shade Tree Varieties | 0 | 0 | 14 | 0 |
| | Evergreen Varieties | 0 | 0 | 2 | 0 |
| C8 | Evergreen Varieties | 4 | 7 | 70 | 18 |
| NF | Shade Tree Varieties | 21 | 0 | 11 | 0 |
| S1 | Shade Tree Varieties | 0 | 1 | 2 | 0 |
| | Evergreen Varieties | 5 | 6 | 15 | 5 |

| SUBTOTALS | Shade Tree Varieties | 557 | 170 | 436 | 41 |
|---|---|---|---|---|---|
| | Evergreen Varieties | 39 | 48 | 202 | 25 |

| TOTALS | 596 | 218 | 638 | 66 |
|---|---|---|---|---|

| TOTAL LIVE TREES | 1452 |
|---|---|